IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MARCELO MORA,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>           Defendant. | Case No.: C-11-01313 JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I.  INTRODUCTION

On March 18, 2011, Francisco Marcelo Mora ("Plaintiff") initiated this action, seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance and Supplemental Security Income benefits under the Social Security Act ("SSA").  Presently before the Court is Plaintiff's Motion to Remand to the Commissioner for additional administrative proceedings pursuant to Sentence Six of the SSA, 42 U.S.C. § 406(g), as well as Plaintiff's Motion for Summary Judgment. Plaintiff seeks remand on grounds that a subsequent, favorable benefits decision constitutes new and material evidence that warrants further administrative proceedings.  For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's Motion for Summary

Judgment without prejudice.[1]

## II. BACKGROUND

### A. Plaintiff's First Application

On May 21, 2008, Plaintiff filed an application for disability insurance benefits under Title II of the SSA, alleging a disability onset date of September 20, 2006. Administrative Record ("AR"), 75. The application was denied initially and upon reconsideration. *Id.* at 42. Thereafter, Plaintiff requested and received a hearing, which occurred on October 9, 2009. *Id.* On November 5, 2009, an Administrative Law Judge ("ALJ") denied Plaintiff's application, finding that he was not disabled and could perform past relevant work as a research director or software specialist. *Id.* at 48-49. The ALJ's decision became the final decision of the Commissioner when the SSA Appeals Council denied Plaintiff's request for review on January 19, 2011. *Id.* at 1-3. Plaintiff then timely commenced the instant action for judicial review pursuant to 42 U.S.C. § 405(g).

In Plaintiff's first application for disability benefits, he alleged disc degenerative disease, a spinal problem, and chronic back pain limited his ability to work. *Id.* at 93. Plaintiff claimed to be unable to use his feet for more than 30 minutes because he was recovering from spinal fusion and artificial disc replacement. *Id.* His condition first limited his ability to work on September 20, 2006, and he finally stopped working on June 30, 2007. *Id.*

Treating physician Helen Jackson, M.D., submitted a report wherein she stated that Plaintiff experienced an acute onset of low back pain and right leg radicular pain in October 2005. *Id.* at 217. Despite undergoing a number of nonsurgical treatment modalities, he was unable to work due to his inability to sit for any prolonged period of time. *Id.* Plaintiff underwent lumbar disc replacement and fusion surgery in September 2006. *Id.* Although Plaintiff experienced some decrease in pain after his surgery, he continued to be substantially impaired by his pain levels. *Id.* Dr. Jackson opined that Plaintiff was unable to perform any substantial work at that time. *Id.* The ALJ assigned little weight to Dr. Jackson's opinion, finding it inconsistent with the treatment record and Plaintiff's

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2

"robust level of activity," which included a rehabilitation regime of yoga, Pilates, meditation, and swimming. *Id.* at 46, 48.

In his decision, the ALJ noted that there were indications that that Plaintiff is depressed and appeared tearful and hopeless on at least one occasion. *Id.* at 48. The ALJ, however, did not find that Plaintiff had a mental impairment. *Id.* The ALJ reasoned as follows:

> Although there are indications in the record that the claimant is depressed, and he appeared tearful and hopeless on at least one occasion, the claimant has not alleged any mental impairment, he enjoys a very active life, recent notes indicate that he has no depressive symptoms, he admitted that he has not seen a doctor for any emotional problems and does not have a mental impairment and has been prescribed unique antidepressant medications for their pain relieving properties (Exs. 5F; 10F; 11F). Furthermore, no doctor has indicated that the claimant has a mental impairment that limits his ability to perform basic work activities.

*Id.*

On February 10, 2010, Plaintiff appealed the ALJ's decision to the Appeals Council. *Id.* at 157. Plaintiff contested the ALJ's conclusions regarding both physical and mental impairment. *Id.* at 157-61. Regarding mental impairment, Plaintiff argued that the ALJ failed to develop evidence of Plaintiff's mental impairment and that the record as a whole warranted a finding that Plaintiff's depression was a severe impairment. *Id.* at 161 (citing 20 C.F.R. §§ 404.1529(b), 416.929(b)). Plaintiff also submitted three new items of evidence meant to directly support his arguments regarding mental impairment: 1) a January 6, 2010 letter from Frank Sclafani, MFT stating that Plaintiff became "chronically depressed" after his surgery and that Plaintiff has had "suicidal ideation from increasing nerve pain"; 2) a Mental Impairment Questionnaire signed by Dr. Jackson on January 7, 2010 diagnosing Plaintiff with major depression, recurrent, moderate and having "suicidal ideation" as a result of chronic nerve pain; and 3) a Work Capacity Evaluation (Mental) signed by Dr. Jackson and Mr. Sclafani on January 7, 2010. *Id.* at 161-162, 799-805. The Appeals Council—stating that it "considered the reasons you disagree with the decision and the additional evidence [submitted]"—denied Plaintiff's request for review on January 19, 2011. *Id.* at 1-3.

### B. Plaintiff's Second Application

In Plaintiff's second application for disability benefits, he alleged to be suffering from degenerative disc disease, failed back syndrome, and depression, all of which significantly affect his

3

ability to perform work related activities. Exhibit A to Declaration of Barbara M. Rizzo in Support of Plaintiff's Motion to Remand ("Ex. A"), 4. On March 30, 2012, an ALJ issued a decision finding that Plaintiff had the following severe impairments: status post disc replacement and anterior spine fusion of the lumbar spine, and a mood disorder. Ex. A at 3. However, the ALJ found that the severity of the claimant's impairments met only the criteria of Section 12.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1, which governs "Affective Disorders," e.g., depression. *Id.* The ALJ concluded that Plaintiff has been disabled since November 6, 2009. *Id*. at 9.

In support of his second application, Plaintiff submitted, *inter alia*, an "opinion" from Dr. Jackson dated January 7, 2010 wherein she diagnosed him with major depression, recurrent, moderate. *Id*. at 5-6. In a Mental Impairment Questionnaire form dated November 1, 2011, Dr. Jackson diagnosed Plaintiff with chronic pain disorder. *Id.* at 6. She reported that he experiences extreme limitations in activities of daily living, in social functioning, and maintaining concentration. *Id*. The ALJ gave great weight to Dr. Jackson's opinions, finding them overall consistent with the evidence in the record. *Id*.

Mr. Sclafani, in a letter dated January 6, 2010, reported to be assisting Plaintiff with the emotional impact of chronic back pain since February 2006. *Id*. at 7. Mr. Sclafani expressed that Plaintiff had reported suicidal thoughts from increased nerve pain and had become chronically depressed. *Id*. In an additional letter from March 2012, Mr. Sclafani reported Plaintiff was receiving continuous psychiatric treatment without significant relief. *Id*. Plaintiff's diminished mental capacity was preventing him from performing work-related duties at that time and for the foreseeable years. *Id.* The ALJ gave Mr. Sclafani's opinions great weight because of Mr. Sclafani's "lengthy treatment relationship with the claimant," and because they were consistent with the record as a whole. *Id*. at 8.

**C.     The Motion to Remand**

In his Motion to Remand, Plaintiff asks this Court to remand to the Commissioner for further administrative proceedings. Motion at 2. Plaintiff notes that on his second application, the ALJ found him to be disabled as of November 6, 2009, one day after the first ALJ denied him benefits based on his initial application. *Id.* Plaintiff argues that the subsequent favorable decision

1 constitutes new and material evidence warranting remand to the Commissioner for further
2 administrative proceedings. *Id.* (citing *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010)).

3       In its response, Defendant argues that remand would be inappropriate because the subsequent
4 ALJ decision is not inconsistent with the prior ALJ decision because each was based on a "much
5 different record." Defendant's Opposition to Motion to Remand ("Opposition"), 2, 4 (citing *Luna*,
6 623 F.3d at 1035; *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001)). Defendant asserts that
7 the second ALJ decision relied on evidence not available to the first ALJ, including a medical
8 opinion assessing Plaintiff's mental impairment. *Id.* A record with new evidence of mental
9 impairments indicated that Plaintiff's mental condition deteriorated in 2011, which substantially
10 supported the subsequent ALJ decision but was not in existence during the first decision. *Id.* at 3.
11 Defendant argues that Plaintiff did not even claim mental disability in his initial application. *Id.*
12 Defendant, however, acknowledges that "evidence of depression" was submitted to the Appeals
13 Council. *Id.* at 5 n.1. Defendant points to its summary judgment opposition in arguing that this
14 evidence was properly considered and found not to provide a basis for changing the ALJ's decision.
15 *Id.* Defendant also contends that the two decisions are not inconsistent because Plaintiff alleged an
16 onset date of November 6, 2009, which is after the first ALJ's decision, though Plaintiff could have
17 chosen an earlier date. *Id.* at 5.

18       Additionally, Defendant argues that this Court should not review the subsequent ALJ
19 decision because it was entered more than four months after briefing had concluded and therefore
20 the record of the second decision is outside this Court's jurisdiction. *Id.*

21       Plaintiff makes several arguments in reply to Defendant's opposition. First, Plaintiff
22 contends that, in addition to finding that Plaintiff had a severe mood disorder, the second ALJ also
23 found Plaintiff to have the severe impairment of "status post disc replacement and anterior spine
24 fusion of the lumbar spine." Reply at 2 (citing Ex. A at 3). Further, the second ALJ fully discussed
25 the medical opinions and physical limitations pertaining to Plaintiff's degenerative disc disease and
26 failed back syndrome. *Id*. Plaintiff points out that in his motion for summary judgment, he
27 vigorously argued that the Appeals Council committed legal error by failing to provide reasons for
28

rejecting submitted opinions of his mental impairment. *Id*. at 4 (citing Plaintiff's Motion for Summary Judgment, 14.)

Plaintiff disputes Defendant's assertion that the record before the second ALJ substantially differed from the record before the first ALJ. *Id.* at 2. Plaintiff argues the second ALJ relied on most of the same evidence that was before the first ALJ and highlights medical opinions as well as statements that were before both ALJs. *Id.* at 2-3. As the first ALJ did, the second ALJ examined the opinions of Dr. Jackson, Plaintiff's treating physician. *Id.* at 2. The second ALJ summarized and gave great weight to three of Dr. Jackson's opinions, dated August 8, 2008, September 29, 2009, January 7, 2010, that were also in the record before the first ALJ. *Id.* at 3. Plaintiff also points out that some of the same opinions from Mr. Sclafani were in the record of both applications yet one application was successful and the other was not. *Id.* Additionally, Plaintiff submitted similar types of statements from lay witnesses in conjunction with both his first and second application. *Id.* Statements from lay witnesses David Ryan and Mary Reynolds Thompson were submitted to both the Appeals Council and in conjunction with the second application. *Id.* Plaintiff argues that Defendant's claim that the two ALJ decisions are not inconsistent because Plaintiff alleged a disability onset date of November 6, 2009 should be rejected. *Id.* Plaintiff asserts that the period at issue in any subsequent claim is limited to the period beginning with the day after the date of the Commissioner's final decision on the prior claim. *Id.* Thus, Plaintiff had no choice but to allege an onset date after the date of the first ALJ's decision if Plaintiff wanted the SSA to process his application. *Id.*

## III.  ANALYSIS

### A.  Legal Standard

Sentence Six of 42 U.S.C. § 405(g) provides, in relevant part, that "the court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Akopyan v. Barnhart*, 296 F.3d 852, 854–55 (9th Cir. 2002) ("Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material

6

evidence is adduced that was for good cause not presented before the agency.") (citation omitted). New evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination." *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)) (internal quotation marks, citations, and emphasis omitted).

The Ninth Circuit has found that a subsequent favorable ALJ decision may constitute new and material evidence warranting remand. *Luna*, 623 F.3d at 1034-5 ("[I]n certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." (quoting *Bradley v. Barnhart*, 463 F. Supp. 2d 577, 580-81 (S.D. W.Va. 2006)). "However, the mere fact of a subsequent decision granting benefits is insufficient to warrant remand." *Bagley v. Astrue*, 2012 WL 3537029, at *4 (N.D. Cal. Aug. 14, 2012) (Chen, J.). Where the subsequent decision granting benefits is not inconsistent with the first decision denying benefits, remand is not appropriate. *Bruton*, 268 F.3d at 827 (finding the second ALJ's decision not inconsistent with the first ALJ's decision where plaintiff's "second application involved different medical evidence, a different time period, and a different age classification"). At the same time, if the Court "cannot conclude based on the record before [it] whether the decisions concerning [plaintiff] were reconcilable or inconsistent . . . remand for further factual proceedings [is] an appropriate remedy." *Luna*, 623 F.3d at 1035 (granting remand and distinguishing *Bruton* as a case "where an initial denial and subsequent award were easily reconcilable on the record before the court").

**B.     Whether This Case Should Be Remanded**

In this case, remand is appropriate because the second ALJ's award of benefits is based on an onset date coming in "immediate proximity" to an earlier denial of benefits, and is not "easily reconcilable" with the first ALJ's denial of benefits. *See id.*[2]

---

[2] The Court finds that good cause supports Plaintiff's failure to incorporate the favorable benefits decision into the prior administrative record because the new evidence did not exist at the time of the initial disability determination and the Commissioner would suffer no prejudice from a

The two decisions are not "easily reconcilable" because some of the same evidence is present in both records, yet that same evidence led to different conclusions. The second ALJ found Plaintiff disabled since his mood disorder was severe enough to satisfy the criteria of Section 12.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1, which governs "Affective Disorders," e.g., depression. Ex. A at 3.[3] Although the first ALJ touched on the issue, he did not find that Plaintiff was suffering from a severe mood disorder, let alone that Plaintiff was disabled by it. AR at 44, 48. Nor did the Appeals Council grant review of the first ALJ's decision despite evidence, submitted in conjunction with the request for review, to which the second ALJ would later assign "great weight." Specifically, Plaintiff submitted to the Appeals Council three new items of evidence meant to directly support his arguments regarding mental impairment: 1) a January 6, 2010 letter from Frank Sclafani, MFT stating that Plaintiff became "chronically depressed" after his surgery and that Plaintiff has had "suicidal ideation from increasing nerve pain"; 2) a Mental Impairment Questionnaire signed by Dr. Jackson on January 7, 2010 diagnosing Plaintiff with major depression, recurrent, moderate and having "suicidal ideation" as a result of chronic nerve pain; and 3) a Work Capacity Evaluation (Mental) signed by Dr. Jackson and Mr. Sclafani on January 7, 2010. *Id.* at 161-162, 799-805.[4] Although it is not entirely clear—because the Court does not have the record of

---

remand. *See Burton v. Heckler*, 724 F.2d 1415, 1417–18 (9th Cir. 1984) (stating that good cause may be found where the agency would suffer no prejudice and holding that "the fact that the evidence did not exist at the time of the ALJ's decision establishes good cause for Burton's failure to introduce it before the ALJ"). The Court notes that Defendant does not contest Plaintiff's assertion that the good cause requirement is satisfied here.

[3] Although both the first and second ALJ found that Plaintiff's post disc replacement and anterior spine fusion was "severe," neither ALJ found Plaintiff disabled based on that severe impairment. Accordingly, the two decisions are not inconsistent with regard to whether Plaintiff is disabled due to his physical impairment. It is unclear to the Court, though, to what extent evidence of Plaintiff's physical impairments influenced the ALJs' determinations regarding Plaintiff's mental impairments. For example, the first ALJ assigned Dr. Jackson's opinions concerning physical impairment little weight while the second ALJ assigned many of those same opinions great weight. On remand, the Appeals Council and/or ALJ should address these discrepancies to the extent they influence the findings regarding mental impairment.

[4] Because the Appeals Council considered this additional evidence in denying Plaintiff's request for review, were this Court to review the merits of the first ALJ's decision, the evidence accepted by the Appeals Council would have to be incorporated into this Court's substantial evidence review. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. June 14, 2012) ("We hold that when a claimant submits evidence for the first time to the Appeals Council,

8

Plaintiff's second application before it—it appears that these same three items of evidence were before the second ALJ and were assigned "great weight" by the second ALJ. Ex. A at 5-8. The Court cannot easily reconcile the two decisions since both records contain the same medical evidence covering the same time period. *See Bruton*, 268 F.3d at 827 (denying motion to remand where "[plaintiff's] second application involved different medical evidence, a different time period, and a different age classification").

Additionally, the second ALJ awarded a disability onset date of November 6, 2009—the day after the first ALJ issued his decision denying Plaintiff's first application. The record before the Court does not indicate why the second ALJ assigned an onset date that was one day after the initial denial. As in *Luna*, Plaintiff's award of a favorable decision providing an onset date one day after the first ALJ's decision warrants "administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." 623 F.3d at 1034-5.

Defendant's arguments to the contrary are unavailing. Defendant contends that the second ALJ's decision was based on "substantially different" medical evidence that was not available at the time the agency made its final decision in the case. However, the fact that Plaintiff produced *additional* evidence in his second application does not preclude this Court from remanding the present case in order for the Commissioner to take another look at the initial decision in light of the agency's subsequent grant of benefits based, at least in part, on identical evidence considered in the initial decision.[5] As discussed above, the Court cannot reconcile Plaintiff's divergent results given that some of the same evidence was included in both records. Furthermore, Defendant's insistence that Plaintiff's mental condition deteriorated in 2011, thereby justifying the second ALJ's disability finding, is undermined by the fact that the second ALJ awarded an onset date of November 6, 2009.

---

which considers that evidence in denying the review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.").

[5] Because the Court does not base its remand order on evidence included in the record for the second application but not in the first application, Defendant's concern that remand would exceed this Court's jurisdiction is unfounded. Additionally, to the extent Defendant argues that this Court cannot consider the second ALJ's decision because it is not part of the administrative record, the Court rejects that argument as nonsensical. The Ninth Circuit's test for remand requires this Court to examine the second ALJ's decision.

Accordingly, it is logical to conclude that evidence besides Plaintiff's deteriorating mental condition in 2011 provided a basis for awarding the 2009 onset date. On remand, the Commissioner should examine this new evidence in determining whether Plaintiff was disabled due to his mental impairment prior to November 6, 2009.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand under Sentence Six is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED without prejudice. On remand, the Appeals Council and/or ALJ are instructed to address the March 30, 2012 benefits grant, incorporate the decision and medical evidence from that case into this case, and provide reasons why the benefits grant should have no bearing on this case if that is the Commissioner's continuing position.

IT IS SO ORDERED.

Dated: September 19, 2012

JOSEPH C. SPERO
United States Magistrate Judge